UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JENNIFER A.C.,

      Petitioner,

    v.

CHRISTOPHER CHESTNUT, et al.,

      Respondents.

No. 1:26-cv-01581-TLN-CKD

**ORDER**

Petitioner Jennifer A.C.[1] ("Petitioner") filed a petition for writ of habeas corpus (ECF No. 1) on February 23, 2026, and a motion for a temporary restraining order (ECF No. 7) on February 25, 2026, seeking immediate release from immigration detention.  On February 26, 2026, the Court ordered Respondents to respond to Petitioner's request for immediate injunctive relief by March 2, 2026.  (ECF No. 11.)  On March 3, 2026, Respondents filed an untimely response consisting of a consolidated Motion to Dismiss, Response to Petition for Writ of Habeas Corpus, Opposition to Preliminary Injunction, and Opposition to Temporary Restraining Order.  (ECF No. 13.)  Given Respondents' designation of their filing as an opposition on the merits of Petitioner's

[1]   As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only his first name and last initial, to protect sensitive personal information.  *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

habeas petition, the Court issues a ruling on such. Petitioner did not file reply. For the reasons set forth below, Petitioner's habeas petition is GRANTED.[2] (ECF No. 1.)

## I.    FACTUAL AND PROCEDURAL BACKGROUND[3]

Petitioner is a lawful permanent resident of the United States with citizenship in Colombia and Spain. (ECF No. 1-2 at 1.) Petitioner obtained her permanent residency in 2018. (ECF No. 1-3 at 1.) Prior to being detained, Petitioner lived and worked full-time in Miami. (*Id.*) She lived with her United States citizen husband, a marine veteran, as well as her daughter, a legal permanent resident. (*Id.*)

On November 19, 2024, Petitioner was detained by immigration authorities while returning to the United States from traveling abroad with her niece. (ECF No. 1-1 at 3; ECF No. 7 at 3.) She was not provided with a warrant or informed why she was being arrested. (ECF No. 1-3 at 2–3.) Petitioner was later issued a Notice to Appear stating she is "an alien present in the United States who has not been admitted or paroled." (ECF No. 1-2 at 1.) The Notice to Appear also alleges Petitioner "knowingly encouraged, induced, assisted, abetted, or aided . . . [a noncitizen] to enter or to try to enter the United States in violation of law." (*Id.*)

Petitioner was initially detained in Tacoma, Washington for seven months. (ECF No. 1-3 at 3.) She was then transferred to the Mesa Verde Detention Center in Bakersfield and later relocated to the California City Detention Center. (*Id.*) Petitioner has now been detained without the opportunity for bond for approximately fifteen months. (ECF No. 1 at 3–4.)

On February 23, 2026, Petitioner filed the instant Petition for Writ of Habeas Corpus. (*Id.* at 1.) Petitioner challenges the lawfulness of her civil detention and seeks immediate release. (*Id.* at 12–13.)

///

---

[2]    On March 9, 2026, the Court issued a minute order granting Petitioner's habeas petition and ordering her immediate release. (ECF No. 14.) This Order explains the Court's reasoning.

[3]    The Court's February 26, 2026 order required that any opposition filed by Respondents include "all referenced/relevant portions of Petitioner's A-File and related records." (ECF No. 11 at 1–2.) Respondents did not comply with this directive and instead filed an opposition with no documents and no facts. (*See generally* ECF No. 13.)

**II.    STANDARD OF LAW**

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that she is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**III.    ANALYSIS**

Petitioner claims her detention violates the Immigration and Nationality Act because she is being improperly detained under 8 U.S.C. § 1225(b)(2) ("§ 1225(b)(2)").  (ECF No. 1 at 12.) In opposition, Respondents argue Petitioner is subject to mandatory detention under § 1225(b)(2) because she "entered the United States illegally," and is therefore an "applicant for admission." (ECF No. 13 at 1.)

Section 1225(b)(2) provides:

> Subject to subparagraphs (B) and (C), in the case of a[ ] [noncitizen] who is an applicant for admission, if the examining immigration officer determines that a[ ] [noncitizen] **seeking admission** is not clearly and beyond a doubt entitled to be admitted, the [noncitizen] shall be detained for a proceeding under 1229a of this title.

8 U.S.C. § 1225(b)(2)(A) (emphasis added).

Lawful Permanent Resident ("LPR") status "carries several important privileges: [she] may remain in the United States indefinitely; [she] is free to work in this country; [she] may return to this country after a temporary absence abroad; and [she] has the privilege of establishing permanent residence in the United States." *Saxbe v. Bustos*, 419 U.S. 65, 72 (1974).  By statute, individuals with LPR status "shall not be regarded as **seeking an admission** into the United

States for purposes of the immigration laws" unless one of six conditions applies.  8 U.S.C. § 1101(a)(13)(C) (emphasis added).  These include, for example, abandoning or relinquishing their LPR status, being absent from the United States for a continuous period in excess of 180 days, or engaging in illegal activity after having departed the United States.  § 1101(a)(13)(C)(i)–(iii).

Although Petitioner's Notice to Appear and Form I-213 contain allegations that she attempted to aid or abet a noncitizen's entry into the United States in violation of law, there is nothing on the record showing those allegations were substantiated or that she was in fact found to have engaged in illegal activity.  (ECF Nos. 1-1, 1-2.)  There is also nothing on the record indicating that she abandoned or relinquished her LPR status, was absent from the United States for more than 180 days, or meets any other condition that would alter her status as one "seeking admission into the United States" under 8 U.S.C. § 1101(a)(13)(C).

Instead, Respondents assert Petitioner is subject to the mandatory detention scheme of § 1225(b)(2) solely because she "entered the United States illegally."  (ECF No. 13 at 1.) Respondents do not explain how Petitioner could have entered the United States illegally when her LPR status was intact.  It is unclear to the Court how Respondents' statement relates to any of the conditions listed in 8 U.S.C. § 1101(a)(13)(C).

The Court therefore agrees with Petitioner that she is not a noncitizen "seeking admission" to the United States such that she is subject to mandatory detention under § 1225(b)(2). Petitioner's detention under that statute therefore violates federal law.[4]

**IV.    CONCLUSION**

For the foregoing reasons, the Court GRANTS the Petition for Writ of Habeas Corpus. (ECF No. 1.)  IT IS HEREBY ORDERED:

1.    Respondents must IMMEDIATELY RELEASE Petitioner from custody under the same conditions she was released prior to her current detention.  *See Yang v. Kaiser*, No. 2:25-cv-

---

[4]    Petitioner also challenges her detention as violating the Due Process Clause of the Fifth Amendment.  (ECF No. 12–13.)  As the Court concludes Petitioner's detention violates federal law, the Court need not address Petitioner's constitutional claim.

02205-DAD-AC, 2025 WL 2791778, at *11 (E.D. Cal. Aug. 20, 2025) (status quo ante is "the last uncontested status which preceded the pending controversy.").  At the time of release, Respondents must return all of Petitioner's documents and possessions.  Respondents shall not impose any additional restrictions on her, unless such restrictions are determined to be necessary at a future pre-deprivation/custody hearing.  **Respondents must file a notice certifying compliance with this provision of the Court's Order within two (2) court days from the date of this Order.**

2.  Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where (a) Respondents show material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence before a neutral decisionmaker that Petitioner poses a danger to the community or a flight risk.  At any such hearing, Petitioner shall be allowed to have counsel present.

3.  Petitioner's Motion for Temporary Restraining Order is DENIED as moot.  (ECF No. 7.)

4.  The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Date: March 10, 2026

_____

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE